IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**NELSON HARRIS, JR.**                                                                                              **PLAINTIFF**

v.                              Case No. 3:20-cv-00112-KGB

**RATNER STEEL SUPPLY CO.** and
**MARK RATNER**                                                                                                    **DEFENDANTS**

## ORDER

Plaintiff Nelson Harris, Jr., individually and on behalf of all others similarly situated, brings this action against defendants Ratner Steel Supply Co. ("Ratner Steel") and Mark Ratner (collectively "Defendants") (Dkt. No. 1). Mr. Harris alleges that Defendants failed to pay him and all other similarly situated employees lawful overtime compensation for hours worked in excess of 40 hours per week in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Arkansas Code Annotated § 11-4-201, *et seq.* (*Id.*, ¶ 1). Before the Court is the parties' joint motion for conditional certification and notice to collective members (Dkt. No. 11). For the following reasons, the Court grants the parties' joint motion for conditional certification and notice to members of the proposed collective (*Id.*).

### I.    Factual Background

Mr. Harris avers that he was employed by Ratner Steel as a temporary hourly employee and then a permanent hourly employee from approximately August 2017 to March 2020 (Dkt. No. 1, ¶ 23). Mr. Harris worked for Ratner Steel as an overhead crane line operator (*Id.*, ¶ 25). Mr. Harris states that he regularly worked in excess of 40 hours per week while working for Ratner Steel (*Id.*, ¶ 26). He states that he and similarly situated employees received a safety bonus, in the form of compensation, for each quarter that there were no accidents at their shop (*Id.*, ¶ 27). Mr. Harris states that Defendants failed to include the value of the bonuses that Defendants provided

to him and similarly situated employees when calculating their overtime rates during weeks in which Mr. Harris and similarly situated employees worked over 40 hours per week (*Id.*, ¶ 29). In response, Defendants generally deny Mr. Harris's allegations (Dkt. No. 8, ¶¶ 23-27)

## II. Analysis

The parties have agreed to stipulate, for the purposes of conditional certification and notice only, to the following opt-in collective: "[a]ll hourly employees of Ratner Steel Supply Co. who received a quarterly safety bonus any time after April 8, 2017." (Dkt. No. 11, ¶ 2). The parties ask the Court to certify conditionally the opt-in collective to which they have stipulated.

### A. FLSA Conditional Certification

Under the FLSA:

> An action to recover the liability prescribed . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

Many district courts in the Eighth Circuit utilize a two-step approach in collective action cases. At the notice stage, the Court must determine, based on the pleadings and affidavits, whether notice should be given to potential class members. The key issue is whether the members of the proposed class are similarly situated. If the Court allows notification, then a representative class is conditionally certified, and plaintiffs will send notice to the putative opt-in plaintiffs. At the second stage, the Court determines whether to decertify the class once discovery is largely complete. *Smith v. Frac Tech Services, Ltd.*, No. 4:09-cv-679, 2009 WL 4251017, at *2 (E.D. Ark. Nov. 24, 2009) (citation omitted). This Court has previously adopted this approach. *See McChesney v. Holtger Bros., Inc.*, No. 4:17-cv-824, 2019 WL 118408, at *2 (E.D. Ark. Jan. 7,

2019); *Cruthis v. Vision's*, No. 4:12-cv-244, 2013 WL 4028523, at *1-2 (E.D. Ark. Aug. 7, 2013); *Watson v. Surf-Frac Wellhead Equip. Co.*, No. 4:11-cv-843, 2012 WL 5185869, at *1 (E.D. Ark. Oct. 18, 2012).

"'To establish that conditional certification is appropriate, the plaintiff[] must provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist.'" *Tegtmeier v. PJ Iowa, L.C.*, 208 F. Supp. 3d 1012, 1018 (S.D. Iowa 2016) (alteration in original) (quoting *Robinson v. Tyson Foods, Inc.*, 254 F.R.D. 97, 99 (S.D. Iowa 2008)). Plaintiffs' factual burden at this stage is not onerous. *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010). Plaintiffs' burden at the notice stage is lenient and may be met by making a "modest factual showing," typically by the submission of affidavits, that he and the putative class were victims of a common decision, policy, or plan of the employer that affected all class members in a similar fashion. *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937, 941 (W.D. Ark. 2007) (citing *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1106-08 (10th Cir. 2001)). However, while this is a "lenient standard, . . . 'more than mere allegations' are required." *Tegtmeier*, 208 F. Supp. 3d at 1018 (quoting *Robinson*, 254 F.R.D. at 99).

"Typically, district courts will make the determination of whether to conditionally certify a class based solely on the affidavits presented by the plaintiffs." *Huang v. Gateway Hotel Holdings*, 248 F.R.D. 225, 227 (E.D. Mo. 2008) (citation omitted). The Court can consider a variety of non-exclusive factors in determining whether employees are similarly situated. Such factors include: (1) whether the employees held the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the employees were subjected to the same policies and practices and, if so, whether

the policies and practices were established in the same manner and by the same decision maker; and (5) the extent to which the acts constituting the alleged violations are similar. *Stone v. First Union Corp.*, 203 F.R.D. 532, 542-43 (S.D. Fla. 2001) (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1090, 1097-99 (11th Cir. 1996)).  "The Court does not need to determine whether class members are *actually* similarly situated until the 'merits stage' of the litigation, when defendants typically move to decertify the class." *Tinsley v. Covenant Care Servs., LLC*, No. 1:14-cv-00026-ACL, 2015 WL 1433988, at *1 (E.D. Mo. Mar. 27, 2015) (emphasis in original) (citing *Littlefield*, 679 F. Supp. 2d at 1016-17).

Based on the limited record before it, the Court determines, based on the allegations in the complaint and the stipulations of the parties' in their joint motion, that the members of the proposed collective working at Ratner Steel were alleged victims of a purported common policy.

### B.   Notice And Disclosure Of Contact Information

The parties request that this Court permit them to provide notice to potential opt-in plaintiffs through U.S. mail with a follow-up postcard to be sent 30 days after the initial mailing *via* traditional U.S. mail (Dkt. No. 11, ¶ 4).  The parties have submitted an agreed proposed notice and an agreed proposed consent to join (Dkt. Nos. 11-1; 11-2).  The parties stipulate that, within 14 days of the Court's Order granting this motion, Ratner Steel will produce a list of members of the proposed collective to Mr. Harris's counsel in an electronic, editable format; that within 14 days of Ratner Steel providing the list of members of the proposed collective, Mr. Harris's counsel shall mail the notice and consent to the members of the proposed collective and shall bear the costs of issuing notice; that 30 days after the initial mailing, a follow up postcard will be sent as agreed to by the parties; and that a period of 60 days following Ratner Steel's production of the list of

members of the proposed collective will allow members of the proposed collective sufficient time to receive notice and file consent to join this lawsuit (Dkt. No. 11, ¶¶ 4-6). The parties further agree that, during this 60-day period, Mr. Harris's counsel shall not initiate contact with any members of the proposed collective other than *via* the notice procedures agreed to by the parties and approved of by the Court (Dkt. No. 11, ¶ 7).

The Court grants the parties' joint motion for conditional certification and notice to collective members (Dkt. No. 11). Accordingly, Mr. Harris may send a written notice and consent form to the potential opt-in plaintiffs *via* U.S. mail. The parties' proposed written notice and consent forms are acceptable (Dkt. Nos. 11-1; 11-2). The Court grants the parties' request to distribute a reminder postcard *via* traditional U.S. mail. The Court also grants the parties' motion as it pertains to Ratner Steel's disclosure of a list of members of the proposed collective (Dkt. No. 11, ¶ 5).

### III.     Conclusion

For the reasons discussed above, the Court grants the parties' joint motion for conditional certification and notice to collective members (Dkt. No. 11). The Court conditionally certifies the following class: all hourly employees of Ratner Steel Supply Co. who received a quarterly safety bonus any time after April 8, 2017. To facilitate notice, Ratner Steel is ordered to produce a list of the members of the proposed collective to Mr. Harris's counsel in an electronic, editable format within 14 days of the date of this Order. Within 14 days of Ratner Steel providing the list of members of the proposed collective, Mr. Harris's counsel shall mail the notice and consent to the members of the proposed collective and shall bear the costs of issuing notice. A follow up postcard shall be sent 30 days after the initial mailing, as agreed to by the parties. The parties agree that a period of 60 days following Ratner Steel's production of the list of members of the proposed

collective will allow members of the proposed collective sufficient time to receive notice and file consent to join this lawsuit.  The parties further agree that, during this 60-day period, Mr. Harris's counsel shall not initiate contact with any members of the proposed collective other than *via* the notice procedures agreed to by the parties and approved of by the Court.  Mr. Harris may provide notice to the class of individuals consistent with the terms of this Order.

    It is so ordered this 9th day of February, 2021.

                                              */s/ Kristine G. Baker*
                                              Kristine G. Baker
                                              United States District Judge