IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**NELSON HARRIS, JR.,**
**Individually and on Behalf of all Others**
**Similarly Situated**                                                                 **PLAINTIFF**

v.                            Case No. 3:20-cv-00112-KGB

**RATNER STEEL SUPPLY CO. and**
**MARK RATNER**                                                                  **DEFENDANTS**

**ORDER**

Plaintiff Nelson Harris, Jr., individually and on behalf of all others similarly situated, filed this action asserting claims under the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. §§ 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Arkansas Code Annotated § 11-4-201, *et seq*. Before the Court is the parties' joint motion to approve settlement and dismiss (Dkt. No. 31). The parties attach the Settlement Agreement and Release ("Settlement Agreement") to the joint motion for the Court's review (*Id.*). The Court notes that the Settlement Agreement involves Mr. Harris individually and on behalf of all individuals who have filed consents to join this action.

Settlement agreements resolving FLSA claims are typically subject to court approval. *See Younger v. Ctrs. for Youth & Families, Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.*; *see also Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *see also Anthony v. Concrete Supply Co., Inc.*, No. 3:16-cv-70-TCB, 2017 WL 5639933, at *1 (N.D. Ga. August 23, 2017) (applying the *Dees* approach).

At the request of the parties, having reviewed the Settlement Agreement signed by Mr. Harris and defendants, the Court determines that the Settlement Agreement both provides plaintiffs a reasonable recovery and furthers the implementation of the FLSA in the workplace. Therefore, the Court grants the joint motion to approve settlement and dismiss and approves the Settlement Agreement (Dkt. No. 31). The action is dismissed with prejudice and without costs to any party, except to the extent otherwise expressly provided by agreement of the parties.

It is so ordered this 4th day of March, 2022.

_____
Kristine G. Baker
United States District Judge